UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ABDELHAFIZ M. NOFAL,

                      Plaintiff,

    -against-

IMCMV TIMES SQUARE LLC d/b/a
MARGARITAVILLE RESORT TIMES SQUARE,

                      Defendant.
-------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Abdelhafiz Nofal ("Nofal" or "Plaintiff") alleges against Defendant IMCMV Times Square LLC d/b/a Margaritaville Resort Times Square ("Margaritaville" or "Defendant"), upon information and belief, as follows:

### NATURE OF THE CLAIMS

1. Nofal complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12111-12117 *et seq.*, New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL") and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.* ("NYCHRL"), seeking to recover the damages he sustained as the result of being subjected to unlawful employment discriminatory practices on the basis of his religion and disability.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII and ADA pursuant to 28 U.S.C. § 1331 and 1343, because these claims arise under the laws of the

United States. This Court has supplemental subject matter jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff duly filed a complaint of discrimination with the New York State Division of Human Rights, which was dually filed with the United States Equal Employment Opportunity Commission ("EEOC") on or about September 1, 2021 (Charge No. 16G-2021-02805).

5. The EEOC sent a Notice of Right to Sue to Plaintiff on January 14, 2022 (annexed hereto as Exhibit A).

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff resides in Nassau County in the State of New York.

8. Margaritaville is a foreign limited liability company duly organized and existing under and by virtues of the laws of the State of Florida.

9. Margaritaville is a foreign limited liability company duly authorized to conduct business in the State of New York.

10. The headquarters of Margaritaville are located at 6900 Turkey Lake Road, Suite 200, Orlando, Florida 32819.

11. Margaritaville operates a resort and a restaurant, located at 560 Seventh Avenue, New York, New York 10018.

# FACTUAL ALLEGATIONS

12. Plaintiff has over forty years of experience as a chef in the food industry.

13. In or around June 2021, Plaintiff commenced his employment at Margaritaville.

14. Plaintiff was interviewed and hired by Edem, the former Executive Sous Chef at Margaritaville.

15. Plaintiff was hired and employed at Margaritaville as the Sous Chef.

16. Plaintiff worked at Margaritaville, located at 560 7th Avenue, New York, New York 10018.

17. During his employment at Margaritaville, Plaintiff was paid $18.00 per hour.

18. During his employment at Margaritaville, Plaintiff worked from 8a.m. to 4p.m. on Saturday, Sunday, Wednesday, Thursday and Friday.

19. During his employment at Margaritaville, Plaintiff was in subordinate relationship with regard to Edem and Natalie Cohee, the Executive Chef.

20. During the entirety of his employment at Margaritaville, Plaintiff was a stellar employee.

21. During the entirety of his employment at Margaritaville, Plaintiff diligently performed his duties and responsibilities.

### Disability Discrimination

22. Plaintiff suffers from diabetes - a chronic metabolic disease characterized by elevated levels of blood glucose.

23. Because of diabetes, Plaintiff had an impairment of his skin (toe) which prevented him from the exercise of his normally bodily function, such as walking.

24. Despite his disability, Plaintiff was able to do the essential duties of his job as the Sous Chef, and work at the designated to him sauté and grill stations at Margaritaville.

25. Margaritaville, through its agents and employees, was aware of Plaintiff's disability and received a doctor's note from him with regard to the same.

26. From July 26, 2021 to August 26, 2021, as per his doctor's recommendation, Plaintiff took a short-term disability leave related to his disability.

27. On August 18, 2021, Plaintiff reached out to Natalie Cohee regarding his anticipated return to work and the upcoming work schedule.

28. In response, for the first time, Natalie Cohee mentioned to Plaintiff that there would be a 90-day probation period as a condition of his employment, which would commence on August 26, 2021.

29. On August 26, 2021, Plaintiff returned to work, but, because of his disability, was assigned to work materially worse shift with substantially fewer hours.

30. Specifically, Plaintiff was assigned to work only a breakfast shift from 8a.m. to 3p.m. on Friday, 6a.m. to 2p.m. on Saturday, and 6a.m. to 2p.m. on Sunday.

31. Essentially, Plaintiff's hours were reduced from forty (40) to only twenty four (24) hours per week.

32. The breakfast shift was materially less prestigious job, which created a setback in Plaintiff's career, and allowed substantially less preparation time before the food was served to Margaritaville customers.

33. While reducing Plaintiff's work hours because he took a short-term disability leave, Margaritaville continually recruited and hired new personnel who did not require any disability-related accommodations.

34. The Defendant took an adverse employment action against Plaintiff in response to the exercise of his rights, such as taking a reasonable accommodation related to his disability.

35. On August 27, 2021, Plaintiff complained to Natalie Cohee about Margaritaville reducing his work hours following his short term disability leave.

36. In response, Natalie Cohee falsely advised Plaintiff that the breakfast shift was the only shift available to Plaintiff.

37. Meanwhile, on a regular basis, Plaintiff noticed new employees being recruited, trained and hired at Margaritaville.

38. Following Plaintiff's complaints about discrimination, in Plaintiff's presence, Natalie Cohen telephoned HR.

39. While on a speakerphone, HR (Name Currently Unknown) promised to get back to Nofal, but never did.

40. Instead of addressing the situation, the hostile work environment at Margaritaville continued to escalate.

**Discrimination Based on Religion**

41. Plaintiff is an individual who follows Islam.

42. Pursuant to his religion, Plaintiff cannot eat pork.

43. On September 6, 2021, as Plaintiff was working next to the stove cooking the eggs, Natalie Cohee rudely said to Plaintiff, "Move!", "Move!", "Move!"

44. Although Natalie Cohee was aware that Plaintiff had issues with his toe because of his disability and saw him limping, she kept harassing him to move quickly to the end of the cooking station, which was 30 feet long.

45. Plaintiff complied with Natalie Cohee's request, but suggested they cooked the bacon in the oven to avoid creating grease at the other station.

46. Natalie Cohee rejected Plaintiff's suggestion and two exchanged the following the statements:
    a. Natalie: I know you are Muslim you don't like that (referring to pork)
    b. Nofal: Yes I don't eat pork
    c. Natalie: You should not work
    d. Nofal: I don't eat it, but I cook it

e. Natalie: (laughed) …I know where you are coming from…even sometimes you have to taste this (referring to bacon) to do this job
  f. Nofal: why comment
  g. Natalie: you don't like it - go home

47. Although Plaintiff was scheduled to work on September 10 through September 12, on or about September 9, 2021, he received a phone call from Mike, the manager at Margaritaville, who advised Nofal to come at 12.30p.m. on September 10, instead of 8a.m.

48. When Plaintiff inquired why he was scheduled to work at 12.30p.m., not at 8a.m. (which would further cut his hours), Mike insisted to "just come!".

49. On September 10, 2021, Plaintiff arrived to work at 12.30p.m. and was called into a meeting with a female employee (Name Currently Unknown) and Natalie Cohee.

50. During the meeting, Plaintiff was falsely accused in some pre-textual performance issues, and was told to sign a document, which Plaintiff refused to do.

51. Plaintiff protested against Margaritaville's false accusations targeting his work performance and requested a copy of the document he was told to sign.

52. Natalie Cohee and the above-referenced female employee denied Plaintiff's request.

53. In retaliation and further discrimination against Plaintiff, Margaritaville, through its agents and employees, terminated Nofal's employment in violation of the federal, state and local human right laws.

54. As the result, Nofal suffered and continues to suffer a severe emotional distress and lost wages.

55. Plaintiff's disability and religion and his complaints about discrimination were the motivating factors for his termination from Margaritaville.

56. As a result of Margaritaville's actions, Plaintiff felt extremely humiliated, degraded, victimized and embarrassed.

57. As a result of the Margaritaville's discriminatory and intolerable treatment, Plaintiff suffered severe emotional distress.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

59. Plaintiff's position at Margaritaville was intolerable as a result of the discrimination by the Defendant to which Plaintiff was subjected, and no reasonable person in Plaintiff's position could be expected to continue working under those conditions.

60. Defendant's actions and conduct were intentional and intended to harm Plaintiff.

61. As a result of the acts and conduct complained of herein, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

62. Because the Defendant's conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FIRST CLAIM FOR RELIEF
**Religion-Based Discrimination in Violation of Title VII**

63. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

64. Pursuant to Section 2000e-2(a), it shall be an unlawful employment practice for an employer - (1) to discharge any individual, or otherwise discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, because of such individual's religion.

65. Pursuant to Section 2000e-2(m), an unlawful employment practice is established when the complaining party demonstrates that religion was a motivating factor for any employment practice, even though other factors also motivated the practice.

66. Margaritaville, through its agents and employees, unlawfully discriminated against Plaintiff with respect to his terms, conditions, and privileges of his employment because of his religion.

67. As a direct and proximate result of Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

**SECOND CLAIM FOR RELIEF**
**Hostile Work Environment in Violation of Title VII**

68. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

69. Pursuant to Section 2000e-2(a), it shall be an unlawful employment practice for an employer - (1) to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's religion.

70. The Supreme Court has held that Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

71. Margaritaville, through its agents and employees, unlawfully subjected Plaintiff to hostile work environment because of his religion.

72. As a direct and proximate result of Margaritaville unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### THIRD CLAIM FOR RELIEF
### Retaliation in Violation of Title VII

73. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

74. Pursuant to Section 2000e-3(a), it shall be an unlawful employment practice for an employer to discriminate against any individual, because he has opposed any practice made an unlawful employment practice under Title VII.

75. Margaritaville, through its agents and employees, unlawfully retaliated against Plaintiff for opposing the Defendant's unlawful employment practices.

76. As a direct and proximate result of Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### FOURTH CLAIM FOR RELIEF
### Disability Discrimination in Violation of ADA

77. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

78. Pursuant to 42 USC § 12112 (a), "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to … advancement, or discharge of employees, employee compensation…and other terms, conditions, and privileges of employment.

79. Margaritaville, through its agents and employees, unlawfully discriminated against Plaintiff with respect to his terms, conditions, or privileges of employment, because of his disability.

80. As a direct and proximate result of Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## FIFTH CLAIM FOR RELIEF
### Retaliation in Violation of ADA

81. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

82. Pursuant to 42 USC § 12203 (a) "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [ADA].

83. As a direct and proximate result of Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## SIXTH CLAIM FOR RELIEF
### Disability-/Creed-Based Discrimination in Violation of NYSHRL

84. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

85. Pursuant to § 296 (1) (a) of NYSHRL, it shall be an unlawful discriminatory practice, for an employer, because of an individual's disability, creed to discharge from employment such

individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

86. Margaritaville unlawfully discriminated against Plaintiff in compensation, terms, conditions and privileges of his employment because of his disability and creed.

87. As a direct and proximate result of Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### SEVENTH CLAIM FOR RELIEF
**Hostile Work Environment in Violation of NYSHRL**

88. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

89. Pursuant to § 296 (1) (h) of NYSHRL, it shall be an unlawful discriminatory practice, for an employer to subject any individual to harassment because of an individual's creed because the individual has opposed any practices forbidden by NYSHRL, regardless of whether such harassment would be considered severe or pervasive. Such harassment is an unlawful discriminatory practice when its subjects an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the harassment to such employer shall not be determinative of whether such employer will be liable.

90. Margaritaville unlawfully subjected Plaintiff to discrimination, which rises above level what a reasonable victim of discrimination with the same protected characteristic would consider petty slights or trivial inconveniences.

91. As a direct and proximate result of the Margaritaville's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## EIGHTH CLAIM FOR RELIEF
### Retaliation in Violation of NYSHRL

92. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

93. Pursuant to § 296 (1) (e) of NYSHRL, it shall be an unlawful discriminatory practice for any employer to discharge or otherwise discriminate against any person because he or she has opposed any practices forbidden by NYSHRL.

94. Pursuant to § 296 (7) of NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which NYSHRL applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden by NYSHRL.

95. The Defendant engaged in an unlawful discriminatory practice by retaliating, continuing and escalating the discrimination and hostile work environment to which the Plaintiff was subjected, terminating Plaintiff, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

96. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## NINTH CLAIM FOR RELIEF
## Discrimination in Violation of NYCHRL

97. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

98. Pursuant to § 8-107 (1)(a), it shall be an unlawful discriminatory practice for any employer to discriminate against person in compensation or in terms, conditions or privileges of employment because of religion and disability.

99. The Defendant unlawfully discriminated against Plaintiff in terms, conditions and privileges of his employment because of his religion and disability.

100. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

## TENTH CLAIM FOR RELIEF
## Hostile Work Environment in Violation of NYCHRL

101. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

102. Pursuant to § 8-107 (1)(a), it shall be an unlawful discriminatory practice for any employer to discriminate against person in … terms, conditions or privileges of employment because of religion and disability.

103. The Defendant unlawfully discriminated against Plaintiff by subjecting to a hostile work environment on the basis of his religion and disability.

104. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### ELEVENTH CLAIM FOR RELIEF
**Retaliation in Violation of NYCHRL**

105. Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

106. Pursuant to § 8-107 (7), It shall be an unlawful discriminatory practice for any person …to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under [NYCHRL]. The retaliation or discrimination complained of … need not result in an ultimate action with respect to employment… or in a materially adverse change in the terms and conditions of employment… provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity.

107. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of monetary damages and other relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Declaring that the Defendant engaged in unlawful employment practice prohibited by Title VII, ADA, NYSHRL and NYCHRL that the Defendant harassed, discriminated against, and retaliated against Plaintiff on the basis of his disability/religion, and awarding Plaintiff a recovery for damages sustained;

B.  Awarding damages to the Plaintiff, retroactive to the date any such damages were initially incurred, for all lost wages and benefits resulting from Defendant's unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

C.  Awarding Plaintiff compensatory damages for mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

D.  Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory and unlawful conduct and making the Plaintiff whole for all earnings and other benefits he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, title, seniority status, wages and other lost benefits;

E.  Awarding Plaintiff punitive damages;

F.  Awarding Plaintiff attorney's fees, costs and expenses; and

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: April 14, 2022
New York, New York

    Respectfully submitted,

    AKIN LAW GROUP PLLC

    */s/ Olena Tatura*

    Olena Tatura, Esq.
    45 Broadway, Suite 1420
    New York, NY 10006
    Telephone: (212) 825-1400
    Olena@akinlaws.com
    *Attorneys for Plaintiff*