UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDELHAFIZ M. NOFAL,

        Plaintiff,

v.

IMCMV TIMES SQUARE LLC d/b/a
MARGARITAVILLE RESORT TIMES SQUARE,

        Defendant.

Case No. 1:22-cv-03104

**DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER-STATEMENT OF MATERIAL FACTS**

Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete LLP
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
Telephone: (646) 341-6536
E-mail: acabrera@constangy.com
E-mail: tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANT**

Defendant IMCMV Times Square LLC d/b/a Margaritaville Resort Times Square ("Margaritaville") submits the following in response to Abdelhafiz Nofal's ("Nofal").

Margaritaville notes at the outset that Nofal admits the majority of Nofal's Local Rule 56.1 Statement of Material Facts ("SMF"). Specifically, Nofal admits paragraphs numbered 1, 5, 8, 12, 16 - 23, 26 - 27, 30 – 31 and 45. In many other instances, Nofal admits the material aspect of a paragraph, but improperly adds self-serving and/or unsupported additional arguments without proper citation to the record, as required by Fed. R. Civ. P. 56(c)(1)(A), including Margaritaville's paragraphs 2 - 3, 6, 24, 28, 39 and 48. These facts must be deemed admitted. In response to the remaining paragraphs in Margaritaville's SMF, Nofal fails to properly dispute the fact or such denial is immaterial, including Margaritaville's SMF paragraphs 4, 7, 9 - 11, 13 - 15, 25, 29, 32-38, 40 – 44 and 46, 47. Thus, these facts must either be admitted pursuant to Fed. R. Civ. P. 56(e) or are insufficient to create a material dispute of fact. Margaritaville addresses the remainder of Nofal's Statement of Material Facts in Opposition to Defendant's 56.1 Statement ("PCSMF").

**Margaritaville's Responses to Plaintiff's Counter Statement of Material Facts**

49. Margaritaville does not dispute paragraph 49. Nonetheless, Nofal's assertion regarding his religion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

50. Margaritaville does not dispute paragraph 50. Nonetheless, Nofal's assertion regarding Haig-Cohee's race is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

51. Margaritaville does not dispute paragraph 51. Nonetheless, Nofal's assertion regarding Haig-Cohee's supervisory authority is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

52. Margaritaville does not dispute paragraph 52. Nonetheless, Nofal's assertion regarding Pereira's job title and responsibilities is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

53. Margaritaville does not dispute that Nofal put Margaritaville on notice of his disability. Nonetheless, Nofal's assertion regarding his disability is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact because Margaritaville accommodated that disability.

54. Margaritaville disputes the assertion in paragraph 54. Further, aside from requesting a leave of absence, Nofal never requested any workplace accommodations to perform his job duties and his doctor did not impose any physical restrictions. *See* Nofal Dep. at 87:25-88:4; 88:17-23 (attached as Exhibit 4 to the Cabrera Decl.) (Q: So, when you returned to work, did your doctors give you a note saying that you couldn't be on your toe or you had to be on your toe for less time? A: No, no. They said you can. . . Q: When you returned to work on August 26th . . . did your doctor give you a note that you had any restrictions when you returned to work? A: He didn't give me restriction. . . .).

55. Margaritaville disputes paragraph 55 as a mischaracterization of Nofal's deposition testimony. *See* Nofal Dep. at 100:6-19 (attached as Exhibit 4 to the Cabrera Decl.) (Nofal further alleges that Haig-Cohee would instruct the line cooks, including Nofal, to "Move, move, move" when they were on the line, and to "Go get me this, go get me that," causing Nofal to have to "run downstairs to get it.").

56. Margaritaville does not dispute paragraph 56. However, while Nofal was on leave in August, Margaritaville officially opened for breakfast three days per week. *See* Haig-Cohee Dep. at 38:12-16; 46:4-12 (attached as Exhibit 19 to the Cabrera Decl.). Upon returning to work, Nofal was instructed that he would be preparing breakfast since that was what he had requested

2

and those shifts were finally available. *See* Nofal Dep. at 137:2-24 (attached as Exhibit 4 to the Cabrera Decl.). Nofal worked all of the breakfast shifts that were available at the time. *See* Haig-Cohee Dep. at 103:2-6 (attached as Exhibit 19 to the Cabrera Decl.). Margaritaville offered to provide Nofal with more shifts for lunch or dinner so he could have more hours, but Nofal said he was only a breakfast cook and only wanted the morning shift. *See* Deposition Transcript of Hector Pereira ("Pereira Dep.") at 37:11-15; 47:2-8 (attached as Exhibit 20 to the Cabrera Decl.). Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

57. Margaritaville does not dispute that Nofal worked 20 hours. However, Margaritaville disputes that Nofal's hours were in discrimination/retaliation for taking leave because Margaritaville was only open for breakfast three days per week, Nofal worked all breakfast shifts available, and Nofal refused to provide additional availability as set forth in response to Nofal's PCSMF 56 above. Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

58. Margaritaville disputes that Christopher, Manual and Marcelo were similarly situated to Nofal because those employees provided more availability than him and were able/willing to work lunch and dinner shifts. Nofal worked all breakfast shifts available and refused to provide additional availability as set forth in response to Nofal's PCSMF 56 above. Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

58. Margaritaville disputes that Bianca, Carla, Carolina, Christopher, Erica, Jasmine, Joseph, Kaith, Kerel, Khadilah, and Laveli were similarly situated to Nofal because those employees provided more availability than him and were able/willing to work lunch and dinner shifts. Nofal worked all breakfast shifts available and refused to provide additional availability as

3

set forth in response to Nofal's PCSMF 56 above. Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

60. Margaritaville does not dispute paragraph 60. However, Margaritaville disputes that Nofal's hours were in discrimination/retaliation for taking leave because Margaritaville was only open for breakfast three days per week, Nofal worked all breakfast shifts available, and Nofal refused to provide additional availability as set forth in response to Nofal's PCSMF 56 above. Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

61. Margaritaville disputes paragraph 61 because those were Nofal's job duties as a Line Cook. *See* Line Cook Job Description (attached as Exhibit 5 to the Cabrera Decl.); and Nofal Dep. at 47:1-48:14; 49:21-57:16 (attached as Exhibit 4 to the Cabrera Decl.) (Nofal admitting that the foregoing were his job duties as the Line Cook). Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

62. Margaritaville does not dispute paragraph 62. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

63. Margaritaville disputes paragraph 63 because Nofal's citation does not stand for the assertion set forth in Nofal's PCSMF.

64. Margaritaville does not dispute paragraph 64. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

65. Margaritaville disputes paragraph 65. During his deposition, Nofal claimed that Haig-Cohee suggested that he taste pork while cooking bacon and made no other assertion about him leaving work if he did not like it. *See* Nofal Dep. at 94:7-23 (attached as Exhibit 4 to the Cabrera Decl.) (According to Nofal, Haig-Cohee said, "I know you don't like the bacon. You don't like pork. You Musli[m], right?" Nofal responded, "Yes, I am, ma'am, I am." Haig-Cohee

4

said, "I know you don't eat pork, but you want to know something, when you want to cook something, you have to taste it before you – after you cook it, you got to taste everything." Nofal responded, "Yeah, I don't eat it, but I cook it. I cook the bacon, I don't say no." Haig-Cohee said, "Yeah, but you have to test it too." Nofal responded, "No, I don't eat it."). Nofal does not make any other allegations regarding Haig-Cohee that are tied to his religion or disability. *See* Nofal Dep. at 137:25-138:10 (attached as Exhibit 4 to the Cabrera Decl.) (Q: Have you told us everything that [Cohee] said or did to you that you believe was because of your religion and because of your disability? A: Yes. Q: My question is, have you told us everything? Is there anything else that happened that you didn't share today? A: No, I share everything with you, yes. I did tell you everything.). Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

66. Margaritaville does not dispute paragraph 66. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

67. Margaritaville does not dispute paragraph 67. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

68. Margaritaville does not dispute paragraph 68. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

69. Margaritaville does not dispute paragraph 69. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

70. Margaritaville does not dispute paragraph 70. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

71. Margaritaville disputes paragraph 71 because it has a comprehensive Code of Conduct policy and Policies and Procedures in place regarding discrimination and harassment. *See* Excerpts of Margaritaville's Policies and Procedures (attached as Exhibit 1 to the Cabrera

5

Decl.). Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

72. Margaritaville does not dispute paragraph 72. Nonetheless, Nofal's assertion regarding the length of Margaritaville's policies is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

73. Margaritaville does not dispute paragraph 73. Nonetheless, Nofal's assertion regarding the length of Margaritaville's policies is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

74. Margaritaville disputes paragraph 74 because Nofal's citation does not stand for the assertion set forth in Nofal's PCSMF.

75. Margaritaville does not dispute paragraph 75. Nonetheless, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact because Margaritaville has retaliation and hostile work environment policies in place even if not in the ADA policy. *See* Excerpts of Margaritaville's Policies and Procedures (attached as Exhibit 1 to the Cabrera Decl.). Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

76. Margaritaville disputes paragraph 76 because Pereira spoke with Nofal and addressed those concerns. *See* Pereira Dep. at 43:12-44:1 (attached as Exhibit 20 to the Cabrera Decl.) ("I had asked him do you feel discriminated? He said yes. I asked, do you feel harassed? He said no. I asked do you feel retaliated? He said no. So I went to the yes and asked him to tell me if he felt discriminated asked I asked him category by category, do you feel discriminated because of your age? He said no. Do you feel discriminated because of disability? No. Do you feel discriminated because of sexual orientation? No. Do you feel discriminated because you're a parent? He said no. Do you feel discriminated because of religion? He said no. Do you feel

6

discriminated because of your origin?  He said no.  Do you feel discriminated because of your sex or sexual orientation?  He said no.").  Pereira even offered to provide Nofal with more shifts for lunch or dinner, but Nofal rejected.  *See* Deposition Transcript of Hector Pereira ("Pereira Dep.") at 37:11-15; 47:2-8 (attached as Exhibit 20 to the Cabrera Decl.).  Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

77.     Margaritaville does not dispute paragraph 77.  To the extent that Nofal asserts the termination was a result of the complaint, Margaritaville disputes that assertion as Margaritaville terminated Nofal on September 10, 2021 for performance and for violation of company policies, including insubordination that occurred on September 6, 2021.  *See* Termination Notice (attached as Exhibit 16 to the Cabrera Decl.).  Accordingly, Nofal's assertion is immaterial to controvert Margaritaville's SMF or to create a material dispute of fact.

Dated: October 6, 2023

Respectfully submitted,

By: */s/ Anjanette Cabrera*
Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete LLP
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
Telephone: (646) 341-6536
E-mail: acabrera@constangy.com
E-mail: tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, Anjanette Cabrera, certify that **DEFENDANT'S RESPONSE TO PLAINTIFF'S COUNTER STATEMENT OF FACTS IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed on October 6, 2023, using the Court's Electronic Case Filing (ECF) system, which will send notice of the filing to Plaintiff's attorney:

    Olena Tatura, Esq.
    Akin Law Group PLLC
    4 Broadway, Suite 1420
    New York, New York 10006
    Tel: (212) 825-1400
    **ATTORNEY FOR PLAINTIFF**

        */s/ Anjanette Cabrera*
        Anjanette Cabrera