UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ABDELHAFIZ M. NOFAL,   Case No.2:21-CV-03104

      Plaintiff,

  - against -

IMCMV TIMES SQUARE LLC d/b/a
MARGARITAVILLE RESORT TIMES SQUARE,

      Defendant.

------------------------------------------------------------- X

### DEFENDANT IMCMV TIMES SQUARE LLC d/b/a MARGARITAVILLE TIMES SQUARE'S RESPONSES AND OBJECTION TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant IMCMV Times Square LLC d/b/a Margaritaville Resort Times Square ("Margaritaville" or "Defendant") responds to Plaintiff's First Set of Interrogatories as follows:

### RESERVATION OF RIGHTS

Margaritaville responds to these interrogatories subject to the accompanying objections without waiving and expressly preserving all such objections. Any response to interrogatories is made subject to Margaritaville's right to object to the admission of any and all such responses on the grounds that they are irrelevant to the issues in this case or are otherwise inadmissible. Margaritaville also submits these responses subject to, without intending to waive, and expressly preserving any objections as to privilege or work product. These responses are based on Margaritaville's present knowledge, information and belief, and are subject to amendment and supplementation as Margaritaville acquires additional information or documents and completes its discovery of the facts underlying this case.

# GENERAL OBJECTIONS

1. Margaritaville objects to each Interrogatory propounded by Plaintiff to the extent each seeks information protected by the attorney-client privilege and/or work-product doctrine. Margaritaville further objects to each Interrogatory to the extent it seeks to impose obligations on it beyond those required by applicable court rules. Margaritaville also objects to each Interrogatory to the extent each purports to require identification or production of documents prepared subsequent to the institution of this lawsuit or in anticipation of litigation.

2. The inadvertent production of any information, documents or material protected by the attorney-client privilege or work-product doctrine will not waive Margaritaville's right to assert such privilege. Margaritaville also retains the right to retrieve information, documents or material inadvertently produced, including copies thereof, if any, which are deemed to be protected by any such privilege.

3. Margaritaville objects to each Interrogatory insofar as it seeks information beyond the temporal scope of discovery appropriate to this case on the grounds that such Interrogatories are overly broad and unduly burdensome and do not seek information that is relevant to this case.

4. Margaritaville objects to the Interrogatories to the extent that they purport to require the disclosure of information that is not within possession, custody or control of Margaritaville.

5. Margaritaville's failure to object on a particular ground or grounds shall not be construed as a waiver of its right to object on any additional ground or grounds.

6. The answers set forth herein are made without prejudice to, and without waiving, the following:

    a. Margaritaville's right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information which may hereinafter be provided or produced in response to Plaintiff's Interrogatories, for any

purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action.

  b. Margaritaville's right to object on any and all grounds at any time to other discovery procedures involving or relating to the subject matter of Plaintiff's Interrogatories herein answered.

  c. Margaritaville's right to provide, at any time, supplements, additions, revisions, corrections, or clarifications with respect to any of the information provided, or the answers or objections made, in response to Plaintiff's Interrogatories.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Margaritaville objects to Plaintiff's instructions and definitions as overly broad and unduly burdensome, and further objects to such instructions and definitions to the extent they attempt to impose obligations on Margaritaville beyond those set forth under the Federal Rules of Civil Procedure.

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**

Identify all insurance policies applicable for the allegations made herein (including any EPLI insurance) setting forth the identity of the company that issued the policy, effective dates, policy number and limits of coverage.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; and (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as initial disclosures and deposition testimony. Subject to and without waiving these objections,

Margaritaville has an insurance agreement with Travelers under which it may be responsible for the allegations asserted by Plaintiff in this case.

**Interrogatory No. 2**

Identify each and every person with knowledge and information concerning Plaintiff's allegations in the Complaint, and defenses the Defendant alleged in its Answer.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is premature as discovery has just recently commenced; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as initial disclosures and deposition testimony. Subject to and without waiving these objections, see Margaritaville's Initial Disclosures.

**Interrogatory No. 3**

List each and every employee whose 90-day probation period was to be re-started similarly to Plaintiff following his return from his short term disability leave.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) is vague and ambiguous; (2) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (3) is premature as discovery has just recently commenced; and (4) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as initial disclosures and deposition testimony. Subject to and without waiving these objections, Margaritaville states none as Plaintiff was the only employee that went on leave during a probationary period.

**Interrogatory No. 4**

Identify each and every person who took a statement from Robert Taylor, produced by the Defendant as 000041.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Natalie Haig-Cohee took the statement from Robert Taylor.

**Interrogatory No. 5**

Identify each and every person who took a statement from Flavio Yepo, produced by the Defendant as 000041.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Hector Pereira took the statement from Flavio Yepo.

**Interrogatory No. 6**

Identify each and every person who took a statement from Chris Casciello, produced by the Defendant as 000042.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and

Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Natalie Haig-Cohee took the statement from Chris Casciello.

**Interrogatory No. 7**

Identify each and every person who worked as a line cook, receiving, dishwasher, preparer, culinary manager, chef-tournant during Plaintiff's employment with the Defendant, at the same location, where Plaintiff worked.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville refers Plaintiff to Margaritaville's pre-mediation document production, which contains weekly payroll rosters bearing the Bates numbers IMCMV000079-000096.

**Interrogatory No. 8**

List all members in the culinary hierarchy of the Defendant during the entirety of Plaintiff's employment with Margaritaville.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections,

Margaritaville states that Plaintiff reported to Natalie Haig-Cohee (Executive Chef) and Adam Nolan-Charles (Executive Sous Chef). Plaintiff was also supervised by Jose Dominguez (Assistant Kitchen Manager) and Claudia Rodriguez (Assistant Kitchen Manager).

**Interrogatory No. 9**

Identify each and every person who worked at Margaritaville, located at 560 Seventh Avenue, New York, New York 10018 at the kitchen, from May to September 2021. For each such person listed – state his/her position.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is overbroad; (3) is vague and ambiguous; and (4) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville refers Plaintiff to Margaritaville's pre-mediation document production, which contains weekly payroll rosters identifying every person that worked at the Margaritaville kitchen from May to September 2021 bearing the Bates numbers IMCMV000079-000096.

**Interrogatory No. 10**

For each person listed in response to Interrogatory No. 9 above, state whether such employees are currently employed by Margaritaville. If not, please provide his/her last known address.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is overbroad; (3) is vague and ambiguous; and (4) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these

objections, Margaritaville states that it conducted a mass layoff in October 2021 and the only individuals identified in response to Interrogatory No. 9 that are presently employed by Margaritaville are as follows: Natalie Cohee, Jose Dominguez-Gomez, and Raymond Kinnard. Margaritaville is in the process of obtaining contact information for the individuals identified in response to Interrogatory No. 9 and will supplement this response when that information is available.

**Interrogatory No. 11**

For the entirety of Plaintiff's employment with Margaritaville, list each and every position Plaintiff was employed in, along with the duties that each such position entailed.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Plaintiff was employed as a Line Cook from May 31, 2021 to September 10, 2021.

**Interrogatory No. 12**

Identify each and every person with knowledge or information concerning termination of Plaintiff's employment. For each person identified, specify if that person participated in the decision to terminate Plaintiff's employment.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; (3) seeks information

obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony; and (4) seeks information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving these objections, Margaritaville states Natalie Haig-Cohee, Michael Roberts (General Manager), Kylie Featherby (Director of Food and Beverage Operations), and Hector Pereira (Director of Employees & Labor Relations).

**Interrogatory No. 13**

State whether there was HR at Margaritaville, located at 560 Seventh Avenue, New York, New York 10018.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that the Human Resources Department is located in Florida and General Counsel is located in Nevada and they oversee human resources functions at the Times Square location.

**Interrogatory No. 14**

Identify each and every employee and/or former employee of Defendant Margaritaville who has made, filed or issued any complaint of discrimination and/or harassment based on disability, whether formally or informally, either internally with Defendant Margaritaville, or extremely with any third-party, agency, or court against Defendant Margaritaville from 2016 to present.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; and (2) is not properly limited geographically or in temporal scope. Subject to and without waiving these objections, Margaritaville states none.

**Interrogatory No. 15**

Identify each and every person you intend to call as a witness at the trial of this matter.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) is premature as Margaritaville has not determined which witnesses it intends to call at trial; and (2) seeks information protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving the foregoing objections, Margaritaville has not decided which witnesses it intends to call at trial. Margaritaville will disclose its witnesses (including any expert witnesses) within the time prescribed by the Federal Rules of Civil Procedure and/or the Court's scheduling order.

**Interrogatory No. 16**

Identify any rules, guidelines, policies, or procedures that were used by the Defendant Margaritaville to evaluate Plaintiff's work performance and similarly situated employees' job performance during Plaintiff's employment with Margaritaville.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville refers Plaintiff to Margaritaville's pre-mediation document production, which

contains Margaritaville's policies and procedures, and to Margaritaville's document production, which contains Margaritaville's employee handbook.

**Interrogatory No. 17**

Describe all avenues the Defendant Margaritaville's employees were able to utilize to submit their complaints of discrimination (if any).

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville refers Plaintiff to Margaritaville's document production, which contains Margaritaville's employee handbook.

**Interrogatory No. 18**

Identify all persons, including but not limited to current or former employees of Defendant Margaritaville, other than attorneys, with whom Defendant Margaritaville, through its agents and employees, have discussed any of the allegations upon which the Complaint is based and provide a synopsis of each discussion including the date and where the discussion occurred.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; (3) is overbroad; and (4) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony.

**Interrogatory No. 19**

State whether the Defendant Margaritaville conducted an investigation into Plaintiff's complaints of discrimination to HR.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Plaintiff never raised any complaints of discrimination to Human Resources during his employment. Upon receipt of the Complaint, Plaintiff's claims were investigated by outside counsel in preparation for litigation.

**Interrogatory No. 20**

If your response to the Interrogatory No. 19 above is affirmative, identify each and every person who conducted such investigation, and list all individuals who were interviewed during such investigation, along with any and all documents generated in that regard.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that Plaintiff never raised any complaints of discrimination to Human Resources during his employment and the investigation into his post-employment clams are protected by the attorney –client privilege.

**Interrogatory No. 21**

Describe the benefits Plaintiff was entitled to during his employment with the Defendant Margaritaville.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville refers Plaintiff to Margaritaville's pre-mediation document production, which contains Margaritaville's benefits.

**Interrogatory No. 22**

Please provide Edem's (employee who hired Plaintiff) last known address and contact information.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that no one with the name "Edem" has been employed by Margaritaville.

**Interrogatory No. 23**

Identify each and every employee at Margaritaville, located at 560 Seventh Avenue, New York, New York 10018 (kitchen department), who was terminated, but then re-hired by the Defendant from January 2021 to September 2021.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; (2) is vague and ambiguous; and (3) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states that no employees in the kitchen department were terminated but then re-hired during the relevant time period.

**Interrogatory No. 24**

State whether Natalie Cohee is still employed at Margaritaville. If no, provide her last known address and contact information.

**Response:** Margaritaville objects to this Interrogatory to the extent it (1) seeks information that is not relevant to and that is disproportional to Plaintiff's discrimination and retaliation claims and Margaritaville's defenses to those claims; and (2) seeks information obtainable from other discovery sources that are more convenient, less burdensome, or less expensive such as deposition testimony. Subject to and without waiving these objections, Margaritaville states yes, she remains employed.

**Interrogatory No. 25**

State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the Responses to these Interrogatories.

**Response:** Margaritaville's responses to Plaintiff's interrogatories were prepared by counsel based on information and documents provided by multiple individuals and have been properly verified by an appropriate corporate representative (Hector Pereira). Margaritaville objects to

identifying each such individual and the interrogatories as to which they provided information or documents as violating the attorney-client privilege and work-product doctrine.

Dated: December 2, 2022
      New York, New York

*/s/ Anjanette Cabrera*
Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete, LLP
175 Pearl Street
Suite C-402
Brooklyn, New York 11201
Phone: 646.341.6544
Email: acabera@constangy.com
Email: tbarbetta@contangy.com
**COUNSEL FOR DEFENDANT**

8662167v3

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, I served the **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on Plaintiff's counsel by email.

        Olena Tatura
        Akin Law Group PLLC
        45 Broadway, Suite 1420
        New York, New York 10006
        Phone: 212.825.1400
        Email: olena@akinlaws.com
        **COUNSEL FOR PLAINTIFF**

        */s/ Anjanette Cabrera*
        Anjanette Cabrera

8662167v3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ABDELHAFIZ M. NOFAL,    Case No.2:21-CV-03104

                Plaintiff,

      - against -

IMCMV TIMES SQUARE LLC d/b/a
MARGARITAVILLE RESORT TIMES SQUARE,

                Defendant.
-------------------------------------------------------------------X

## **VERIFICATION**

I, Hector Pereira, affirm and attest that I am an authorized agent for Defendant IMCMV Times Square LLC d/b/a Margaritaville Resort Times Square ("Margaritaville" or "Defendant"); that I have read the foregoing Defendant's Responses to Plaintiff's First Set of Interrogatories; that said responses were prepared based on my personal knowledge or information obtained from employees of Defendant; that said responses, subject to inadvertent or undiscovered errors, are based on and limited by the records and information still in existence, presented, recollected, and thus far discovered in the preparation of these responses; and that Defendant reserves the right to make changes in the responses if it appears at any time that omissions or errors have been made or that more accurate information is available; and that subject to the limitations set forth here, that said responses are true and correct to the best of my knowledge, information, and belief.

_____            Dec. 01, 2022
Hector Pereira                                                   Date

8662167v3