UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABDELHAFIZ M. NOFAL,

        Plaintiff,

v.

IMCMV TIMES SQUARE LLC d/b/a
MARGARITAVILLE RESORT TIMES SQUARE,

        Defendant.

Case No. 1:22-cv-03104

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete LLP
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
Telephone: (646) 341-6536
E-mail: acabrera@constangy.com
E-mail: tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANT**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................ 1

LEGAL ARGUMENT ...................................................................................................................... 3

    POINT I ............................................................................................................................. 3

    PLAINTIFF'S RELIGION AND DISABILITY DISCRIMINATION CLAIMS FAIL AS A
        MATTER OF FACT AND LAW ......................................................................... 3

    POINT II ............................................................................................................................ 5

    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS AS A MATTER OF LAW 5

    POINT III .......................................................................................................................... 7

    PLAINTIFF'S CANNOT ESTABLISH A *PRIMA FACIE* CASE OF RETALIATION ................ 7

CONCLUSION ................................................................................................................................. 8

**PRELIMINARY STATEMENT**

Plaintiff Abdelhafiz Nofal's ("Nofal" or "Plaintiff") submission in opposition to Defendant IMCMV Times Square LLC d/b/a Margaritaville Resort Times Square's ("Margaritaville" or "Defendant") motion to summary judgment leaves no doubt that his claims are ripe for dismissal. The undisputed record evidence demonstrates that Plaintiff was not discriminated against based on his disability or religion, subjected to a hostile work environment, or retaliated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), or New York City Human Rights Law ("NYCHRL").

Contrary to Plaintiff's arguments in opposition, the record shows that Margaritaville provided him with a medical leave of absence and upon Plaintiff's return from his leave of absence after his doctor cleared him to return to work without limitation, Margaritaville officially opened its restaurant for breakfast—though only three days per week—which resulted in necessary scheduling changes. When Plaintiff requested to work forty hours per week after his medical leave, Margaritaville met with him and explained that there were only three breakfast shifts available per week and asked Plaintiff to provide additional availability for the lunch and dinner shifts so it could schedule him for more hours. Plaintiff, however, refused and was adamant that he only wanted the breakfast shift, limiting his shifts to only three days per week. Nonetheless, Margaritaville continued to schedule Plaintiff for every breakfast shift that was available during that time.

The robust record also shows that Plaintiff was terminated on September 10, 2021 for his ongoing performance and behavioral issues in violation of Margaritaville's policies and procedures. For example, on September 6, 2021:

- Plaintiff's manager Natalie Haig-Cohee ("Haig-Cohee") instructed him to bump the order screen seven different times. He refused each time.

1

- Haig-Cohee instructed Plaintiff to cook sausage on a flat top grill and showed him how to do it. He refused and said "he knows what he is doing."

- Haig-Cohee instructed Plaintiff to start cooking all the hot items like bacon, sausage, and potatoes. He said he will get to it. She said he needs to start cooking now. He responded by saying, "You can't make me do that, set the line up and go downstairs all by myself." She explained that he had 1.5 hours to set up the line and he needed to make sure it was done. He continued to argue with her and had the audacity to tell her that "if he was the chef, [she] would not have a job."

- Haig-Cohee instructed Plaintiff to make hash browns by putting more potatoes on the flat top grill to cook. She noticed that he was adding way too much and so told him not to add so many potatoes. She had to tell him five times before he listened.

- Haig-Cohee was told by Plaintiff, incredibly, that "if he was the boss, he would fire [her]."

The motion record is clear that Plaintiff was not subjected to any discrimination or retaliation. In the face of this evidence, Plaintiff wholly ignores the record, cites to cases that are distinguishable from the facts at hand or purports to create disputes of fact where none exist, as explained below.

Based upon the robust factual record developed on this motion, and as discussed in more detail below, no reasonable jury could find in favor of Plaintiff on his discrimination, hostile work environment, or retaliation claims. Accordingly, Margaritaville respectfully requests this Court to enter summary judgment in its favor, dismissing Plaintiff's Complaint in its entirety with prejudice.

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF'S RELIGION AND DISABILITY DISCRIMINATION CLAIMS FAIL AS A MATTER OF FACT AND LAW

Plaintiff has failed to carry his burden and establish a *prima facie* claim of disability or religious discrimination and for that reason his discrimination claims must be dismissed. First, Plaintiff argues in his Opposition that he has established an inference of discrimination due to temporal proximity alone. He asserts that he "was subjected to an adverse employment action less than two months after he disclosed his disability, and immediately following his return from his short-term disability leave." See Plaintiff's Opposition at 11. However, temporal proximity alone is insufficient to raise an inference of discrimination. *See El Sayed v. Hilton Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (temporal proximity alone is insufficient).

Second, Plaintiff tries to prove an inference of discrimination by asserting that he "wanted to work full time," but was not scheduled forty hours per week, so this must have been a discriminatory action. See Plaintiff's Opposition at 11. Plaintiff's argument is in direct contrast to the record. Whether Plaintiff "wanted" to work full time carries no weight because he only permitted Margaritaville to schedule him for the breakfast shift and refused any lunch or dinner shift. SMF ¶¶ 24, 30-31. Margaritaville only had three morning shifts during the relevant time period. SMF ¶ 23; and Haig-Cohee Dec. ¶¶ 10-16. Plaintiff could not have it both ways – he could not work only the morning shift and be full time because there were only three morning shifts available, and he admittedly worked all of them.

Third, Plaintiff ignores the record by arguing that Margaritaville "failed to explain as a matter of law why similarly situated to Plaintiff employees, such as Christopher, Manuel and Marcelo, who did not request a disability-related accommodation or suffer from a disability, were scheduled to work forty hours per week or more, while Plaintiff, who has diabetes and requested

3

a disability-related accommodation, was assigned to work only twenty hours per week or less." *See* Plaintiff's Opposition at 12. As Margaritaville set forth in its moving papers, those alleged comparators did not limit their hours to only the breakfast shift, like Plaintiff, and thus, had more availability than Plaintiff and could work more hours. The difference between Plaintiff's hours pre- and post-leave of absence was the result Margaritaville rolling out its breakfast shift three days per week coupled with Plaintiff's refusal to work any lunch or dinners shifts, and not for any discriminatory reason.

Fourth, Plaintiff asserts cleaning was not part of his job duties, and that Haig-Cohee asking him to clean was discriminatory. Again, this is directly contradicted by the record because Plaintiff admitted that he was a Line Cook (not a Sous Chef) during his deposition and cleaning is a duty and responsibility of a Margaritaville Line Cook. SMF ¶¶ 11; Nofal Dep. at 47:1-48:14; 49:21-57:16 (attached as Exhibit 4 to the Cabrera Decl.) (Nofal admitting that the foregoing were his job duties as the Line Cook). Therefore, his arguments to the contrary are inconsistent with the motion record and do not create a material dispute of fact.

Plaintiff has failed to "point to facts that suggest the termination was motivated, at least in part, by animus based on his alleged [protected category]." *McDermott v. New York City Hous. Dev. Corp.*, No. 10 CIV 2029 HB, 2011 WL 167836, at *3 (S.D.N.Y. Jan. 18, 2011). The fact of the matter is that Margaritaville ended Plaintiff's employment not because of his medical condition but because of his repeated performance and insubordination. As set forth in Margaritaville's moving papers, Plaintiff's unprofessional behavior was corroborated by numerous witnesses, including Robert Taylor, Michael Roberts, and Chris Casciello. SMF ¶¶ 39-42; Taylor Dec., Exhibit 1; Roberts Dec., Exhibit 1; and Casciello Dec., Exhibit 1. Plaintiff failed to prove that Margaritaville's stated reason for his termination was pretext. Instead, Plaintiff argues the witness statements are "vague, implausible, inconsistent and contradictory," *see* Plaintiff's Opposition at 14, which is not supported by the record. To the contrary, the witness statements set forth their

4

version of Plaintiff's behavior toward Haig-Cohee on September 6, 2021. Plaintiff's argument that there are "contradictory" times in Mr. Taylor and Mr. Casciello's statements carries no weigh because both witnesses documented what they witnessed transpiring that day and did not discuss the same incident, which only highlights that Plaintiff was insubordinate to Haig-Cohee on multiple occasions. There is zero evidence in the record for Plaintiff to demonstrate any "weaknesses, implausibilities, inconsistencies, or contradictions" with Margaritaville's stated reason why Plaintiff was terminated, aside from Plaintiff self-serving testimony and bare assertions. *See Henderson v. Sikorsky Aircraft Corp.*, 590 F. App'x 9, 10 (2d Cir. 2015).

Accordingly, Plaintiff cannot point to any facts that support an inference of discrimination and his discrimination claims must fail as a matter of fact and law.

# POINT II

# PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS AS A MATTER OF LAW

Plaintiff has not established a hostile work environment claim against Margaritaville under Title VII, the NYCHRL or the NYSHRL and his claims must be dismissed with prejudice. Plaintiff relies on *Muktadir v. Bevacco Inc.*, 2013 WL 4095411 (E.D.N.Y. Aug. 13, 2013) to argue that he established an actionable hostile work environment claim, but his reliance on the *Muktadir* decision is misplaced for numerous reasons. First, the Court's decision in *Muktadir* is distinguishable because it was based on the standard for a FRCP Rule 12(b)(6) motion to dismiss and not one for summary judgment, as here. 2013 WL 4095411, at *1. Second, the plaintiff in *Muktadir* claimed that the defendant: (1) made "insulting remarks about his Bangladeshi descent, made on a daily basis by various . . . managers and co-workers"; (2) accompanied those insults with "offensive physical actions including sniffing him and commenting that he smelled so that [sic] bad customers in the restaurant would be unable to eat"; (3) "making a point of serving him only pork-based foods and prohibiting him from preparing his own food or obtaining outside food"

5

during his meal periods; and (4) made him "choose between eating non-conforming foods or nothing at all." *Id.* at *2. Those egregious facts are not present here.

Plaintiff cannot establish a hostile work environment claim under Title VII, the NYCHRL or the NYSHRL because the alleged comments, even if true, are nothing more than petty slights and trivial inconveniences and are not actionable. *Holohan v. Newmark & Co. Real Est., Inc.*, No. 18-CV-6275 (AJN), 2019 WL 4743883, at *3 (S.D.N.Y. Sept. 16, 2019). Plaintiff claims are based on Haig-Cohee (1) allegedly telling him to try pork despite knowing he was Muslim and (2) telling him to "Move, move, move" and demanding that Line Cooks assist her. SMF ¶¶ 45-48. Aside from these two allegations, Plaintiff admittedly makes no other claims against Haig-Cohee that would form the basis of a hostile work environment claim. PCSMF ¶ 48. Further undermining his arguments, Plaintiff admitted that Haig-Cohee did not force him to eat the bacon, in fact he does not even allege there was any action taken because he did not eat the bacon, nor does he make any other allegations regarding Haig-Cohee that are tied to his religion or disability. SMF ¶¶ 45, 48. Plaintiff has not established that he was subjected to more than petty slights and trivial inconveniences.

Plaintiff has not established that he was treated less well than other coworkers due to any protected characteristic because he admitted during his deposition that Haig-Cohee was telling other employees to "Move, move, move" and that these were his job duties and responsibilities, and even so Plaintiff was cleared to return to work by his doctor with no restrictions. SMF ¶¶ 22, 46. If this is how Haig-Cohee spoke to everyone in the workplace, it cannot be based on his religion or disability and cannot form the basis for a hostile work environment claim. Plaintiff has failed to carry his burden of establishing that he was treated less well than other employees because of his religion or disability. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013); *Wray v. Westchester Med. Ctr. Advanced Physician Servs., P.C.*, No. 21-CV-00394 (PMH), 2022 WL 3214924, at *10 (S.D.N.Y. Aug. 9, 2022) (the standard under the NYSHRL

6

requires a showing that the individual was subjected to "inferior terms, conditions or privileges of employment because of an individual's membership in one or more of these protected categories.").

Accordingly, the Court should find this conduct, by itself, does not rise above the level of what a reasonable victim of discrimination would consider petty slights or trivial inconveniences, and Plaintiff's hostile work environment claims must be dismissed.

## POINT III

### PLAINTIFF'S CANNOT ESTABLISH A *PRIMA FACIE* CASE OF RETALIATION

While Plaintiff concedes that "[s]equence of events is important in determining the existence of a causal connection in [a] retaliation claim," *see* Plaintiff's Opposition at 18, he strategically ignores the sequence of events of this case and that "causation is defeated . . . if there was an intervening causal event that occurred between the protected activity and the allegedly retaliatory discharge." *Yarde v. Good Samaritan Hosp.*, 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005) (citing *Adeniji v. Admin. for Children Services*, NYC, 43 F.Supp.2d 407, 433 (S.D.N.Y. 1999)).

Here, Plaintiff spoke with Margaritaville's Director of Employee and Labor Relations, Hector Pereira, on September 3, 2021 and asked for more hours. SMF ¶¶ 26-27. There is no causal connection between this alleged complaint and Plaintiff's termination because Plaintiff's most recent, and most severe, insubordination occurred on September 6, 2021, which was after he spoke with Pereira on September 3 and an intervening event that cuts off causation. SMF ¶¶ 32-42. As noted in Margaritaville's moving papers, Margaritaville began discussing termination *before* he even raised his complaints about his work hours and before he took his first leave of absence. SMF ¶¶ 13-15. Plaintiff's insubordination and other performance issues occurred at the very start of his employment and forced Margaritaville to evaluate early on whether to retain his employment. SMF ¶¶ 13-15.

Plaintiff also claims that Margaritaville "failed to explain . . . why the Defendant kept Plaintiff employed for another three months when his performance was allegedly less than satisfactory." *See* Plaintiff's Opposition at 19-20. However, Haig-Cohee testified that Plaintiff's initial acts of insubordination occurred while he was still in coaching and training, so she counseled him first and wanted to give him another chance. *See* Deposition Transcript of Natalie Haig-Cohee at 34:18-35:8 (attached as Exhibit 19 to the Cabrera Decl.). Pereira also testified that even though he could have made the decision to terminate Plaintiff at that time, Plaintiff was still training so he did not proceed with termination. *See* Deposition Transcript of Hector Pereira at 61:24-62:4 (attached as Exhibit 20 to the Cabrera Decl.). Plaintiff's arguments do not create a material dispute of fact. Thus, Plaintiff's retaliation claim must be dismissed with prejudice.

## CONCLUSION

Based on the analysis provided in Margaritaville's motion papers, coupled with the undisputed material facts contained in Margaritaville's Rule 56.1 Statement, Margaritaville's Motion for Summary Judgment should be granted in its entirety and Plaintiff's claims dismissed.

Dated: October 16, 2023

                                                        Respectfully submitted,

                                          By:  */s/ Anjanette Cabrera*
                                              Anjanette Cabrera
                                              Timothy Barbetta
                                              Constangy, Brooks, Smith & Prophete LLP
                                              175 Pearl Street, Suite C-402
                                              Brooklyn, New York 11201
                                              Telephone: (646) 341-6536
                                              E-mail: acabrera@constangy.com
                                              E-mail: tbarbetta@constangy.com
                                              **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that the **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed on October 16, 2023, using the Court's Electronic Case Filing (ECF) system.

*/s/ Anjanette Cabrera*
Anjanette Cabrera