UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDELHAFIZ M. NOFAL,<br><br>                              Plaintiff,<br><br>                    v.<br><br>IMCMV TIMES SQUARE LLC,<br><br>                              Defendant. | 22 Civ. 3104 (DEH)<br><br>**OPINION**<br>**AND ORDER** |

DALE E. HO, United States District Judge:

In this action, Plaintiff Abdelhafiz Nofal sues his former employer, Defendant IMCMV

Times Square LLC d/b/a Margaritaville Resort Times Square ("Margaritaville"), regarding his

employment and eventual termination.  Plaintiff brings eleven claims under federal, state, and

local law, alleging discrimination on the basis of his religion and disability.  Following the close

of discovery, Defendant moved for summary judgment on all claims, which was denied without

prejudice to refiling on October 5, 2023.  *See* ECF No. 42.  Defendant then renewed its motion.

*See* ECF. No. 43.

For the reasons given below, Defendant's motion is GRANTED IN PART and DENIED

IN PART.  Summary judgment is granted to Defendant on Plaintiff's religion-based claims for

employment discrimination (Claim One, and Claims Six and Nine, to the extent they allege

religion-based discrimination); hostile work environment (Claim Two, and Claims Seven and

Ten, to the extent they allege a hostile work environment based on religion); and retaliation

(Claim Three and Claim Eleven, to the extent that it alleges retaliation based on complaints of

religious discrimination).  Summary judgment is denied with respect to Plaintiff's disability-

based claims for discrimination (Claim Four, and Claims Six and Nine, to the extent they allege

disability-based discrimination); hostile work environment (Claim Ten, to the extent it alleges

disability-based discrimination); and retaliation (Claim Five, and Claim Eleven, to the extent that

it alleges retaliation based on complaints of disability-based discrimination).

## BACKGROUND

The following facts are taken from the parties' Rule 56.1 statements and evidentiary

submissions in connection with Defendant's motion.  The facts are either undisputed or, if

disputed, resolved in the light most favorable to Plaintiff as the non-moving party, with all

reasonable inferences drawn in his favor.  *See Horn v. Medical Marijuana, Inc.*, 80 F.4th 130,

135 (2d Cir. 2023).[1]  The Second Circuit has emphasized that in the context of employment

discrimination, the Court is "required to accept all sworn statements by [Plaintiff] as to matters

on which [he is] competent to testify, including what [he] did, what [he] observed, and what [he]

was told by company managers."  *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 46 (2d Cir.

2019).

Margaritaville is a resort in Times Square with several amenities, including a restaurant.

Statement of Material Facts ("SMF") ¶ 1, ECF No. 34-1.  On May 31, 2021, Margaritaville hired

Plaintiff to work as a sous chef in its restaurant.  *See* Aff. of Pl. Abdelhafiz Nofal ("Pl. Aff.") ¶ 7,

ECF No. 44-8; Pl. Dep. 46:18-24, ECF No. 33-5.  At the time Plaintiff was hired, he was told

that he would be working forty hours per week or more.  Pl. Dep. 39:8-24.  Plaintiff reported to

Natalie Haig-Cohee, the executive chef, and Adam Nolan-Charles, the executive sous chef, and

was supervised by Jose Dominguez and Claudia Rodriguez, assistant kitchen managers.  SMF

¶ 12.

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses unless otherwise indicated.  All references to Rules are to the Federal Rules of Civil Procedure.

Plaintiff has diabetes, and Ms. Haig-Cohee was aware of his disability throughout his employment.  Pl. Aff. ¶¶ 5, 8.  On June 21, 2021, Plaintiff requested time off on June 23 for a medical appointment, which Defendant granted.  SMF ¶¶ 16-18.  On July 5, Plaintiff again requested time off on July 8 for a medical appointment, which Margaritaville also granted.  *Id.* ¶ 19.  On July 26, 2021, Plaintiff provided Defendant a doctor's note, which requested that the recipient "[p]lease excuse the patient from work, commencing today through August 26, 2021." Def.'s Proposed Statement of Material Facts Ex. 11, ECF No. 33-12.  This request was also granted.  SMF ¶ 21.  This leave allowed Plaintiff to undergo and recuperate from surgery that resulted in the amputation of one of his toes.  Pl. Aff. ¶ 10.  Prior to Plaintiff's return to work, his doctor told him verbally that he should not stand for too long.  Pl. Dep. 89:3-19.  Plaintiff informed Ms. Haig-Cohee of these instructions.  *Id.* at 89:8-9.

On August 18, 2021, Plaintiff reached out to Ms. Haig-Cohee regarding his return to work and she informed him that a ninety-day probationary period would restart upon his return to work.  Pl. Aff. ¶¶ 11-12.  Prior to taking leave, Plaintiff worked five days per week, including "sometimes . . . almost 40 hours a week."  Pl. Dep. 134:8-11.  When Plaintiff was hired, Margaritaville did not serve breakfast.  *Id.* at 34:3-5.  During August 2021, Margaritaville began serving breakfast three days a week.  SMF ¶ 23.  Upon Plaintiff's return from leave, he was scheduled for only breakfast shifts, meaning he worked only three days per week.  Haig-Cohee Dep. 44:19-25, ECF No. 33-20.  In addition, following Plaintiff's return to work, he was required to clean the kitchen, unlike other employees, and he was allotted less time to prepare for food service.  Pl. Aff. ¶ 18.  Ms. Haig-Cohee would also yell at Plaintiff to "move, move, move" along his station in the kitchen, despite his limp due to his disability.  *Id.* ¶ 22.  Plaintiff spoke with Ms. Haig-Cohee about his schedule, and she stated he was working the only shifts available. Pl. Dep. at 86:18-21.

On September 3, 2021, Plaintiff, Haig-Cohee, and Pereira, Defendant's head of employee and labor relations, had a conference call.  SMF ¶ 26.  On that call, Plaintiff stated that he felt discriminated against because he took leave.  *Id.* ¶ 27.

Plaintiff is Muslim, and as part of his religious faith, he does not eat pork.  Pl. Dep. 63:3-4, 102:23-103:2.  Notwithstanding his dietary prohibitions, on September 6, 2021, Ms. Haig-Cohee told him that he should try bacon and other foods containing pork because when someone cooks something in a restaurant, they should try it.  *Id.* at 106:7-11; Pl. Aff. ¶ 28.  Plaintiff stated in response that he cooks pork products, but he does not eat them.  Pl. Dep. 106:12-13.  Plaintiff then asked Ms. Haig-Cohee why she was making such comments, and she responded that if Plaintiff did not like it, he should go home.  Pl. Aff. ¶ 28.  Ms. Haig-Cohee's statement regarding Plaintiff's religion is the sole negative comment related to Plaintiff's religion made during his employment.  Pl. Dep. 106:16-21.

Throughout his employment, Plaintiff was never given disciplinary counseling, a verbal warning, or a write-up related to his job performance.  *Id.* at 76:9-79:2 (describing one minor instance in which Ms. Haig-Cohee corrected the performance of his job duties related to cutting eggs, which Plaintiff accepted without incident).  Nevertheless, on September 10, 2021, Plaintiff's employment was terminated due to alleged performance issues.  Pl. Aff. ¶ 30.

## LEGAL STANDARDS

Summary judgment is appropriate when a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).  A party opposing summary judgment must establish a genuine issue of fact by "citing to particular parts of materials in the record."  *See* Fed. R. Civ. P. 56(c)(1)(A).  "A party

opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021).

## DISCUSSION

Defendant's motion is granted in part and denied in part for the reasons given below.

### A.     Religion-Based Claims

Plaintiff pleads six claims asserting discrimination or the creation of a hostile work environment on the basis of religion under Title VII to the Civil Rights of 1964 ("Title VII") (Claims One and Two), the New York State Human Rights Law ("NYSHRL") (Claims Six and Seven), and the New York City Human Rights Law ("NYCHRL") (Claims Nine and Ten). Summary judgment is granted to Defendant on these claims to the extent they allege religious discrimination, because Plaintiff's evidence, even if credited by the jury, does not establish religious discrimination under these laws.

#### 1.   Religion-Based Discrimination Claims

##### a.   Title VII Religious Discrimination Claim

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion."  42 U.S.C. § 2000e-2(a)(1).  "To successfully bring a [Title VII] claim based on a discrete act, as opposed to a hostile work environment, a plaintiff must show that he or she suffered an adverse job action under circumstances giving rise to an inference of discrimination on the basis of . . . religion[.]" *Tassy v. Buttigieg*, 51 F.4th 521, 529 (2d Cir. 2022).

Defendant's motion for summary judgment with respect to Plaintiff's federal religious discrimination claim is granted because Plaintiff has failed to adduce evidence as to any adverse

action by his employer based on his religion.  The totality of Plaintiff's evidence with respect to religious discrimination is a comment from one of his supervisors, Ms. Haig-Cohee, that Plaintiff should try all products that he cooked, including pork products, notwithstanding his religious prohibition against doing so.  *See* SMF ¶¶ 12, 45, 48.  In his motion papers, Plaintiff argues that "[r]equiring Plaintiff to leave the job or tolerate discriminatory comments targeting religion . . . is the adverse employment action[.]"  Pl. Opp'n 15, ECF No. 40.  However, one comment regarding Plaintiff's religious practices is insufficient to qualify as an adverse employment action under Title VII.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."); *accord Kelly v. N.Y. State Off. of Mental Health*, 200 F. Supp. 3d 378, 397 (E.D.N.Y. 2016) (finding a comment that an employee "can take up [her] bag and leave now" did not alter the terms and conditions of her employment).

To the extent Plaintiff argues that his termination was motivated at least in part by his religion, *see* Pl. Opp'n 15, he does not provide sufficient evidence to allow a reasonable jury to resolve this issue in his favor.  The Second Circuit has held that "stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination."  *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *accord Bentley-Ammonds v. Northwell Health, Inc.*, No. 21-835, 2022 WL 893716, at *2 (2d Cir. Mar. 28, 2022) (same); *cf. Banks v. General Motors, LLC*, 81 F.4th 242, 266 (2d Cir. 2023) (contrasting "the stray remarks of a decisionmaker, without more," with a case where "other indicia of discrimination are properly presented," in which case "the remarks can no longer be deemed stray") (reversing grant of summary judgment on a hostile work environment claim).  "Stray . . . remarks are insufficient to raise an inference of discriminatory motive unless they (1) were made

repeatedly, (2) drew a direct link between discriminatory stereotypes and the adverse

employment decision, and (3) were made by supervisors who played a substantial role in the

decision to terminate." *Lively v. WAFRA Investment Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d

Cir. 2021).

      Here, Plaintiff does not offer sufficient evidence to create a genuine dispute that Ms.

Haig-Cohee's alleged comment related to his termination.  There is no evidence of repeated

remarks, nor does Plaintiff offer evidence or even argument as to how Ms. Haig-Cohee's alleged

comment relates to his termination.  Summary judgment is granted to Defendant with respect to

Claim One.

### b.  State and City Religious Discrimination Claims

      Like Title VII, the NYSHRL makes it unlawful "[f]or an employer . . . because of an

individual's . . . creed . . . to discriminate against such individual . . . in terms, conditions, or

privileges of employment."  N.Y. Exec. Law § 296(1)(a).  The NYCHRL similarly makes it

unlawful "[f]or an employer . . . because of the . . . creed . . . of any person . . . [t]o discriminate

against such person in compensation or in terms, conditions or privileges of employment."

N.Y.C. Admin. Code § 8-107(a).  Following a set of 2019 amendments to the NYSHRL, "the

standard for [NYSHRL] claims [is] closer to the standard of the NYCHRL."  *Livingston v. City*

*of New York*, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021).[2]  Because Plaintiff's NYSHRL

---

[2] "[C]ourts have arrived at different conclusions with respect to the [NYSHRL's] amendments'
effective dates."  *Eur. v. Equinox Holdings, Inc.*, No. 20-CV-7787, 2022 WL 4124763, at *7
n.10 (S.D.N.Y. Sept. 9, 2022) (collecting cases); *compare Del Villar v. Hyatt Hotel Corp.*, No.
19-CV-10891, 2022 WL 2316205, at *4 n.3 (S.D.N.Y. June 28, 2022) (stating that the
amendments to the NYSHRL apply "only to conduct that took place after its effective date,
August 12, 2019"), *with Livingston v. City of New York*, 563 F. Supp. 3d 201, 232 n.14
(S.D.N.Y. 2021) (stating that the amendments to the NYSHRL "only apply to claims that accrue
on or after the effective date of October 11, 2019").  It is unnecessary to resolve this issue
because Plaintiff's claims accrued in 2021, indisputably after the effective date.

claims accrued after the most recent amendments, they "rise and fall with [his] NYCHRL claims." *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 345 (S.D.N.Y. 2021) ("[T]he amended NYSHRL adopts the same standard as the NYCHRL.").

These laws are less demanding of plaintiffs than Title VII on discrimination claims. *See Cadet v. All. Nursing Staffing of N.Y., Inc.*, 632 F. Supp. 3d 202, 235 (S.D.N.Y. 2022) ("[F]ederal civil rights statutes serve as a floor below which the City's Human Rights law cannot fall."). "In order to prevail on a claim of discrimination under the NYCHRL, a plaintiff must prove that unlawful discrimination was one of the motivating factors of the complained-of conduct." *Bilitch v. N.Y.C. Health & Hosp. Corp.*, 148 N.Y.S. 3d 238, 244 (N.Y. App. Div. 2021). When applying this standard, "district courts must be mindful that the NYCHRL is not a general civility code," and a plaintiff must still establish "a discriminatory motive" for any complained-of conduct. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) ("It is not enough that a plaintiff has an overbearing or obnoxious boss. She must show that she has been treated less well at least in part *because of* her [protected characteristic].").

Applying these standards, the Court grants summary judgment with respect to Plaintiff's state and city religious discrimination claims. Under the forgiving standard of the NYCHRL and the amended NYSHRL, even "a single comment . . . may be actionable," though summary judgment may be appropriate where "a reasonable jury could conclude only that the conduct amounted to no more than a petty slight," based on the totality of the circumstances. *Mihalik*, 715 F.3d at 111. Considering the totality of circumstances presented, Ms. Haig-Cohee's comment is not actionable under this standard. Although Ms. Haig-Cohee's alleged comment regarding Plaintiff's practice of not consuming pork is insensitive and offensive, it is not dissimilar from behavior found by courts in this Circuit to be no more than a petty slight for

purposes of the NYCHRL, and thus, not actionable.  *See, e.g.*, *Livingston*, 563 F. Supp. 3d at

223, 233-35, 255 (finding repeated comments from supervisors that an employee's observing of

the Sabbath was "unacceptable" and that he "can't be missing Saturdays" "amounts at most to

petty slights" under the NYCHRL).

Finally, to the extent that Plaintiff argues that his termination was motivated in part by his

religion, summary judgment is granted to Defendant because as discussed above, Plaintiff offers

no evidence connecting Ms. Haig-Cohee's comment to his termination.  *See* Pl. Opp'n 15.

Summary judgment is granted to Defendant with respect to Claims Six and Nine, to the extent

they allege discrimination on the basis of religion.

### 2.  Religion-Based Hostile Work Environment Claims

"Hostile work environment claims brought under Title VII . . . and the NYSHRL are

assessed using the same standard."  *Banks*, 81 F.4th at 261-62.[3]  Under that standard:

> [A] plaintiff must produce evidence that the workplace is permeated with
> discriminatory intimidation, ridicule, and insult that is sufficiently severe or
> pervasive to alter the conditions of the victim's employment. . . . [Courts] employ a
> totality of the circumstances approach to evaluate whether an environment is hostile
> and abusive, including the frequency of the discriminatory conduct; its severity;
> whether it is physically threatening or humiliating, or a mere offensive utterance;
> and whether it unreasonably interferes with an employee's work performance.
> Isolated incidents of harassment ordinarily do not rise to this level, but [the Second
> Circuit has] recognized that a single act can create a hostile work environment if it
> in fact works a transformation of the plaintiff's workplace.

*Id.*  When, as here, the plaintiff alleges that a single incident created a hostile work environment,

he or she must show it was "extraordinarily severe."  *Id.* at 262.  In contrast, "[h]ostile-work-

environment claims brought pursuant to the NYCHRL require a plaintiff to show only that he or

---

[3] It is unclear whether and how the 2019 amendments to the NYSHRL discussed above modify
this standard.  Because Plaintiff's claims fail under the NYCHRL, the most forgiving standard, it
is unnecessary to resolve this issue.

she was treated less well than other employees because of the relevant characteristic." *Marseille v. Mount Sinai Hosp.*, No. 21-2140, 2022 WL 14700981, at *2 (2d Cir. Oct. 26, 2022).

Summary judgment is granted to Defendant with respect to Plaintiff's federal, state, and city hostile work environment claims, to the extent they allege discrimination on the basis of religion.  The NYCHRL offers the most plaintiff-friendly standard.  *See* Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (2005) (amending the NYCHRL to establish its "uniquely broad and remedial purposes" and instructing courts to "view[] similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights Law cannot fall").  As discussed, the remark described by Plaintiff is offensive, but it is on par with what courts in this Circuit have held amounts at most to a "petty slight[] and trivial inconvenience[]"under the NYCHRL.  *Livingston*, 563 F. Supp. 3d at 255.  That Plaintiff admits that Ms. Haig-Cohee's comment is the sole comment regarding his religion made during his employment further weakens his argument.  *See Cruz v. Bernstein Litowitz Berger & Grossman LLP*, No. 20 Civ. 8596, 2023 WL 2691456, at *16 (S.D.N.Y. Mar. 29, 2023) (finding a "lone, stray remark[]" to be insufficient to infer discrimination under the NYCHRL); *Nelson v. Argyropoulous*, No. 18 Civ. 11413, 2021 WL 4352313, at *2 (S.D.N.Y. Sept. 24, 2021) ("[U]nder the NYCHRL, isolated incidents of unwelcome verbal . . . conduct have been found to constitute the type of petty slights and trivial inconveniences that are not actionable."); *Wei v. Antehm Inc.*, No. 16 Civ. 468, 2018 WL 5622571, at *13 (E.D.N.Y. Sept. 4, 2018) ("[N]otwithstanding the uniquely broad and remedial purpose of the NYCHRL, this isolated incident of unwelcome verbal conduct is insufficient to support an age discrimination claim under NYCHRL's broad provisions."); *see also Feingold v. New York*, 366 F.3d 138, 150 & n.9 (2d Cir. 2004) (contrasting "routine" anti-Semitic remarks with "isolated comments made

infrequently over a period of five years" in the context of a Title VII hostile work environment claim).

Because Plaintiff has not created a genuine dispute of material fact with respect to his NYCHRL claims, he has failed to do so with respect to his federal and state hostile work environment claims.  Summary judgment is granted to Defendant on Claims Two and Seven and, to the extent it alleges a hostile work environment on the basis of religion, Claim Ten.

**B.     Disability-Based Claims**

Plaintiff pleads four claims asserting discrimination on the basis of disability under the Americans with Disabilities Act ("ADA") (Claim Four), the NYSHRL (Claim Six), and the NYCHRL (Claim Nine) and the creation of a hostile work environment under the NYCHRL (Claim Ten).  Summary judgment is denied as to these claims due to genuine disputes in material facts.

**1.   Disability-Based Discrimination Claims**

**a.   ADA Claim**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  When based on circumstantial rather than direct evidence, "[c]laims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in [*McDonnell Douglas*]."

*McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013).  Under that analysis:

> First, the plaintiff must establish a *prima facie* case of discrimination. If the plaintiff has established a *prima facie* case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment. If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact a pretext for discrimination.

*Buon v. Spindler*, 65 F.4th 64, 78-79 (2d Cir. 2023).

Plaintiff offers sufficient evidence that, if credited, would establish a *prima facie* case.

> To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.

*Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020). For purposes of the *prima facie* case, Defendant contests only whether Plaintiff's termination gives rise to an inference of discrimination. *See* Def.'s Mem. of L. in Supp. of Mot. for Summ. J. ("Def.'s Br.") 9, ECF. No. 43-1. Plaintiff offers evidence that supports an inference of discrimination, including the close temporal proximity between his disability-related leave and his termination, *see* SMF ¶ 21 (return from leave on August 26, 2021), ¶ 43 (termination on September 10, 2021), and Ms. Haig-Cohee's alleged differential treatment of Plaintiff as compared to non-disabled employees following his leave, including telling him to "move, move, move," while he was limping, *see* Pl. Dep. 99:16-100:17, reducing his prep time for food service, *see id.* at 87:5-15, and assigning him worse tasks as compared to non-disabled employees, *see* Pl. Aff. ¶ 18. This is sufficient to carry the "minimal" burden Plaintiff bears at the *prima facie* stage. *See Hatch v. Brennan*, 792 F. App'x 875, 878 (2d Cir. 2019).

Accordingly, the burden then shifts to Defendant to articulate "a legitimate non-discriminatory reason for the discharge[] and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006); *accord Bourara v. N.Y. Hotel Trades Council & Hotel Ass'n of N.Y.C., Inc., Emp. Benefit Funds*, No. 20-3092, 2021 WL 4851384, at *1 (2d Cir. Oct. 19, 2021). Defendant does so: it cites Plaintiff's performance issues and insubordination, including his refusal to listen to Ms. Haig-Cohee's instructions regarding bumping an order screen,

cooking sausage, and preparing hash browns.  *See* SMF ¶¶ 35-38.  It also cites his comments to

her that "if he was the chef, [she] would not have a job" and "if he was the boss, he would fire

[her]."  *See id.* ¶¶ 32-38.  An employee's insubordination can constitute a legitimate, non-

discriminatory reason for Plaintiff's termination.  *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d

161, 171-72 (2d Cir. 2006).

Nevertheless, summary judgment is denied because Plaintiff offers sufficient evidence to

create a genuine dispute of fact as to whether the alleged insubordination actually occurred.

Specifically, he offers evidence in the form of his own testimony that the incidents that allegedly

formed the basis of his termination did not happen.  *See* Pl. Dep. 79:9-11 ("Did [Ms. Haig-

Cohee] have to ask you several times to bump the screen?" "No."), 79:12-22 (similar, regarding

cooking sausage), 80:17-22 ("Did you one time tell her that if you were the chef she wouldn't

have a job?" ". . . I can't say things like this, never."); Pl. Aff. ¶ 36 ("I never disrespect my

supervisor, and always follow the instructions of my superiors.").  On summary judgment, the

Court is required to accept all statements by Plaintiff "as to matters on which [he] was competent

to testify, including what [he] did, what [he] observed, and what [he] was told by company

managers" and must "disregard the contrary statements from . . . managers that a jury would not

be required to believe."  *Davis-Garett*, 921 F.3d at 46.  Because a jury *could* permissibly credit

Plaintiff's testimony regarding these incidents, the Court must do so on summary judgment.

Accepting Plaintiff's version of events—in short, that the job performance incidents purportedly

underlying his termination did not occur, *see* Pl. Dep. 82:6-11, and that he was never

insubordinate to Ms. Haig-Cohee or anyone else, *see* Pl. Aff. ¶ 36—he has created an issue of

fact by "demonstrating weaknesses [and] implausibilities . . . in the employer's proffered

legitimate . . . reasons for its action."  *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d

Cir. 2013) (analyzing a retaliation claim).  Summary judgment is denied as to Claim Four.

**b.   State and City Disability Discrimination Claims**

Summary judgment is also denied with respect to Plaintiff's state and city claims alleging

discrimination on the basis of disability.  Discrimination claims under the NYSHRL and

NYCHRL parallel or are more generous to plaintiffs than federal law.  *See Brooklyn Ctr. for*

*Indep. Of the Disabled v. Metro. Transp. Auth.*, 11 F.4th 55, 68 (2d Cir. 2021) ("Federal civil

rights statutes can serve only as a floor below which the NYCHRL cannot fall."); *Wellner v.*

*Montefiore Med. Ctr.*, No. 17 Civ. 3479, 2019 WL 4081898, at *5 & n.4 (S.D.N.Y. Aug. 29,

2019) (applying the same standard for claims under the ADA and NYSHRL, and noting that

recent amendments to the NYSHRL "render the standard . . . closer to the standard under the

NYCHRL").  Because summary judgment is denied with respect to Plaintiff's federal

discrimination claim, as a matter of logic, it must be denied with respect to his state and local

claims.  Summary judgment is denied with respect to Claims Six and Nine, to the extent they

allege discrimination on the basis of disability.

**2.   Disability-Based Hostile Work Environment Claim**

Plaintiff also brings a disability-based hostile work environment claim under the

NYCHRL.  *See* Compl. ¶¶ 101-04, ECF No. 1.  To establish a hostile work environment claim

under the NYCHRL, a plaintiff must only show that "he or she was treated less well than other

employees because of the relevant characteristic."  *Bilitch*, 148 N.Y.S.3d at 245.  As discussed,

summary judgment is denied with respect to Plaintiff's disability discrimination claim under the

NYCHRL.  To establish such a claim, Plaintiff must show "that unlawful discrimination was one

of the motivating factors of the complained-of conduct."  *Reichman v. City of New York*, 117

N.Y.S.3d 280, 285 (N.Y. App. Div. 2020).  Because Plaintiff has introduced sufficient evidence

that he was subject to unlawful discrimination in the terms and conditions of his employment on

the basis of his disability, he has necessarily introduced sufficient evidence to create a genuine

dispute that he was treated less well on this basis.  Summary judgment is denied as to Claim Ten

to the extent is alleges a hostile work environment on the basis of Plaintiff's disability.

## C.    Retaliation Claims

Plaintiff pleads four retaliation claims under Title VII (Claim Three), the ADA (Claim

Five), the NYSHRL (Claim Eight), and the NYCHRL (Claim Eleven).[4]  In essence, Plaintiff's

various retaliation claims stem from the close temporal proximity of a September 3, 2021, call

with his supervisors in which he complained of discrimination, and his termination one week

later, on September 10, 2021.  Pl. Aff. ¶¶ 24, 30.

Summary judgment is granted to Defendant on the Title VII retaliation claim, because the

essence of his Title VII claims is religious discrimination and Plaintiff does not offer sufficient

evidence that he ever made a good faith complaint of religious discrimination.  Summary

judgment is denied with respect to the remaining retaliation claims due to genuine disputes in

material facts.

### 1.  Federal Retaliation Claims

Title VII bars an employer from "discriminat[ing] against any of his employees . . .

because he has opposed any . . . unlawful employment practice."  42 U.S.C. § 2000e-3(a).  The

ADA similarly bars any person from "discriminat[ing] against any individual because such

individual has opposed any act or practice made unlawful [by the ADA]."  42 U.S.C. § 12203(a).

The *McDonnell Douglas* burden-shifting framework applies to retaliation claims based on

circumstantial evidence under Title VII and the ADA.  *See Tafolla v. Heilig*, 80 F.4th 111, 125

---

[4] In the Complaint, Plaintiff includes a passing reference in his NYSHRL hostile work
environment claim to the unlawfulness of "subject[ing] any individual to harassment . . . because
the individual has opposed any practices forbidden by NYSHRL."  Compl. ¶ 89, ECF No. 1.
However, this theory is not adequately pleaded or otherwise developed in Plaintiff's motion
papers, and therefore not considered.

(2d Cir. 2023) (ADA); *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016) (Title VII).  Under this analysis, the elements required to establish a *prima facie* case are: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action."  *Tafolla*, 80 F.4th at 125.  If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to "articulate a legitimate, non-retaliatory reason for the challenged employment action."  *Frantti v. New York*, 850 F. App'x 17, 21 (2d Cir. 2021).  If the defendant does so, a plaintiff must then demonstrate that the proffered reason "is merely a pretext for impermissible retaliation," *id.*, by showing "that the desire to retaliate was the but-for cause of the challenged employment action," *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015).  But-for causation requires "that the adverse action would not have occurred in the absence of the retaliatory motive" and may "be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity."  *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018).

### a.   Title VII (Religion-Based) Retaliation Claim

Plaintiff's Title VII retaliation claim is based on religion.  *See* Compl. ¶¶ 64, 69, 73-75. Summary judgment is granted on this claim because Plaintiff does not provide sufficient evidence to establish a *prima facie* case.  As discussed, the whole of Plaintiff's evidence of religious discrimination is a single alleged comment Ms. Haig-Cohee made on September 6, 2021.  As a matter of logic, Plaintiff's complaint of discrimination three days earlier on September 3, 2021, could not have concerned this comment.  Because Plaintiff offers no other evidence of religious discrimination, a reasonable jury could not conclude that Plaintiff engaged in protected activity under Title VII during the September 3, 2021, conference.  Although

Plaintiff need not introduce evidence of an actual Title VII violation prior to the complaint, he must show his "good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14-15 (2d Cir. 2013) ("A plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form."). Plaintiff has not offered any evidence of prior religious discrimination, meaning a jury could not reasonably conclude that he had a good faith, reasonable belief that he was being discriminated against on the basis of his religion. Summary judgment is granted to Defendant on Claim Three.

### b. ADA Retaliation Claim

Plaintiff provides sufficient evidence that, if credited, establishes a *prima facie* case of retaliation under the ADA. At the *prima facie* stage, Plaintiff's burden is merely "*de minimis*." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (ADA); *accord Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (Title VII). It is undisputed that on September 3, 2021, Plaintiff complained during a call with Ms. Haig-Cohee and Mr. Pereira that he was subjected to discrimination for taking leave, and that he was fired on September 10, 2021. SMF ¶¶ 27, 43. This satisfies the first three requirements: (1) complaining of discrimination for taking leave is protected activity, *see Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d at 14 ("An employee's complaint may qualify as protected activity, satisfying the first element of this test, so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law."); (2) that the complaints were directed at the people who ultimately fired him necessarily means they were aware of the protected activity, *see Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (finding an entity had knowledge where the plaintiff "complained directly" to the entity's employee); and (3) termination qualifies as an adverse decision, *see Littlejohn v. City of New York*, 795 F.3d 297, 312 n.10 (2d Cir. 2015).

As for the fourth element, the close temporal proximity between Plaintiff's complaints and his termination is also sufficient to satisfy the requirement of causation.  *See Tafolla*, 80 F.4th at 126 ("The close temporal proximity [of nine days] . . . is sufficient to support an inference of retaliation.") (ADA); *see also Banks*, 81 F.4th at 277 ("A plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action.") (Title VII); *Lively*, 6 F.4th at 307 ("[But-for] [c]ausation may be . . . inferred through temporal proximity to the protected activity") (ADEA).

Defendant argues that no inference of retaliation arises due to the close temporal proximity between Plaintiff's complaint of discrimination and his termination, because Defendant began discussing Plaintiff's termination prior to his complaint and because his most serious incident of insubordination occurred on September 6, after his complaint, negating any causal inference based on the temporal proximity.  *See* Def.'s Br. 17-18.  Regarding the former, it is true that, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise."  *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).  However, Defendant's alleged discussions regarding Plaintiff do not qualify as adverse job actions, and Plaintiff offers evidence that he never received any job-related counseling, write-ups, or discipline.  *See* Pl. Dep. 76:9-79:2.  While Defendant's prior discussions can support an inference, as Defendant argues, that Plaintiff's employment was already on unsteady ground, the sequence of events can also be viewed as evidence that Plaintiff's performance issues were not sufficient to prompt any adverse job actions, and that it was only after he complained of discrimination that he was subject to an adverse employment decision (i.e., termination).  On summary judgment, the Court must draw all reasonable inferences in

Plaintiff's favor, including with respect to the interpretation of this evidence.  *See Davis-Garett*, 921 F.3d at 46.

Regarding Plaintiff's alleged insubordination, as noted *supra*, Plaintiff offers evidence that the September 6 incident did not occur.  *See* Pl. Dep. 79:9-22, 80:17-22; Pl. Aff. ¶ 36.  There is therefore a genuine dispute of fact.  And if the jury credits his testimony, the close temporal proximity indicates a direct link between his complaint and his termination, with no intervening incident to break the causal chain.  *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) ("Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action.").

Defendant's conclusory argument regarding Plaintiff's inability to prove pretext fails for similar reasons.  *See* Def.'s Br. 19.  Defendant articulates a legitimate, non-retaliatory reason for Plaintiff's termination: his ongoing performance issues, culminating in his insubordination to Ms. Haig-Cohee on September 6.  However, as discussed above, Plaintiff offers evidence that this incident never happened, which is sufficient to create a genuine dispute of material fact as to whether Defendant's stated reason for terminating Plaintiff was pretextual.  Accordingly, summary judgment is denied as to Claim Five, the ADA retaliation claim.

### c.  State and City Retaliation Claims

Summary judgment is denied with respect to Plaintiff's NYSHRL and NYCHRL retaliation claims.  The NYSHRL bars employers from "retaliat[ing] or discriminat[ing] against any person because he or she has opposed any practices forbidden [by the NYSHRL]."  N.Y. Exec. L. § 296(7).  The NYCHRL bars employers from "retaliat[ing] or discriminat[ing] in any manner against any person because such person has . . . opposed any practice forbidden under this chapter."  N.Y.C. Admin. Code § 8–107(7).  The standards used to evaluate retaliation

claims under these laws either parallel or are more generous to plaintiffs than those under the ADA.  *See Tafolla*, 80 F.4th at 125 (applying the same standard to retaliation claims under the ADA and NYSHRL); *Brightman v. Prison Health Serv., Inc.*, 970 N.Y.S.2d 789, 791 (N.Y. App. Div. 2013) ("[The] enhanced retaliation provision contained in the NYCHRL expanded the definition of actionable retaliatory conduct to include manifestations of retaliation which might not meet the standards under comparable state and federal law[.]").  Because Plaintiff has introduced sufficient evidence to avoid summary judgment on the ADA retaliation claim, he has necessarily done so with respect to the NYSHRL and NYCHRL claims.  Summary judgment is denied on Claims Eight and Eleven.

## CONCLUSION

For the reasons given above, Defendant's motion is **GRANTED IN PART, DENIED IN PART.**

For the sake of clarity, summary judgment is granted to Defendant on Plaintiff's claims for religion-based discrimination (Claim One, and Claims Six and Nine, to the extent they allege religion-based discrimination); hostile work environment (Claim Two, and Claims Seven and Ten, to the extent they allege a hostile work environment based on religion); and retaliation (Claim Three and Claim Eleven, to the extent that it alleges retaliation based on complaints of religious discrimination).  Summary judgment is denied with respect to Plaintiff's disability-based claims for discrimination (Claim Four, and Claims Six and Nine, to the extent they allege disability-based discrimination); hostile work environment (Claim Ten, to the extent it alleges disability-based discrimination); and retaliation (Claim Five, and Claim Eleven, to the extent that it alleges retaliation based on complaints of disability-based discrimination).

By **April 5, 2024,** the parties shall file a joint status letter on ECF.  Such letter shall state whether the parties request a referral for mediation through the District's Mediation Program or

before the assigned Magistrate Judge.  Alternatively, if the parties do not believe settlement

discussions would be productive, the letter shall state the parties' availability for trial in May to

September 2024.

The Clerk of Court is respectfully directed to close the motions at ECF. No. 43.

SO ORDERED.

Dated: March 15, 2024
       New York, New York

_____
        DALE E. HO
United States District Judge